WILLIAM D. HENKE

*v.*

JOHN GUNZENHAUSER.

*Opinion filed February 21, 1902.*

1. SOLICITORS' FEES—*solicitor's fees, on foreclosure, must be confined to the terms of the contract.* If a mortgage or trust deed provides for a certain amount for solicitor's fees in foreclosure, such amount cannot be increased by the courts, although it may be diminished, if unreasonable.

2. SAME—*provision of trust deed concerning solicitor's fees construed.* If a trust deed provides for the payment of $100 attorney's fees in case of foreclosure, but by a subsequent clause provides that the "grantors shall pay all costs and attorney's fees incurred or paid by the said grantee, or the holder or holders of said notes, in any suit in which either of them may be plaintiff or defendant by reason of being a party to this trust deed or a holder of said notes," etc., the latter provision applies to suits other than foreclosure, and the provision for $100 attorney's fee controls in foreclosure.

*Gunzenhauser* v. *Henke,* 97 Ill. App. 485, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

JULIUS & LESSING ROSENTHAL, for plaintiff in error.

RUNYAN & RUNYAN, for defendant in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error sued out to the Appellate Court for the First District of Illinois by plaintiff in error, to reverse a judgment of that court reversing, in part, a decree of foreclosure and sale rendered by the superior court of Cook county on an indebtedness of about $15,000, in which decree there was allowed to the complainant's solicitors a fee of $625 for their services rendered and

performed in the suit, for which amount the complainant had become liable and indebted. The decree of the superior court of Cook county was reversed by the Appellate Court to the extent of $525 of the sum allowed as solicitor's fees and in all other respects affirmed. The costs of the appeal to the Appellate Court were adjudged against the appellee there, the plaintiff in error here. The bill to foreclose the trust deed in the nature of a mortgage on real estate, on which the decree was based, was exhibited by plaintiff in error, the legal holder of the indebtedness secured by the trust deed. It was alleged in the bill that the trustee in the trust deed had died, and his successor was made a party defendant to the bill.

The only question raised in the Appellate Court, and again insisted upon here, is, whether, under the provisions of the trust deed foreclosed, a solicitor's fee larger than $100 was properly allowed.

The trust deed contains two provisions in regard to the payment of attorney's fees by the grantors. The first is: "Now, if default be made in the payment of the said three promissory notes, or any part thereof, * * * at the time and in the manner above specified for the payment thereof, * * * then and in such case the whole of said principal sum and interest secured by the said three promissory notes shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable; and on the application of the legal holder of said promissory notes, or either of them, it shall be lawful for said grantee, (John G. Schaar,) or his successor in trust, to enter into and upon and take possession of the premises hereby granted, or any part thereof, and to collect and receive all the rents, issues and profits thereof, and in his own name, or otherwise, to file a bill or bills in any court having jurisdiction thereof, against the said party of the first part, his heirs, executors, administrators and assigns, to obtain a decree for the sale and conveyance of the whole or any part of said prem-

ises, for the purposes herein specified, by the said party of the second part, as such trustee or as special commissioner or otherwise, under order of court, and out of the proceeds of any such sale to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and $100 attorney's and solicitor's fees, and also all other expenses of this trust, including all moneys advanced for insurance, taxes or other liens or assessments, with interest thereon at eight per cent per annum, then to pay the principal of said notes," etc. The second is as follows: "It is agreed that said grantors shall pay all costs and attorney's fees incurred or paid by the said grantee, or the holder or holders of said notes, in any suit in which either of them may be plaintiff or defendant by reason of being a party to this trust deed or a holder of said notes, and that the same shall be a lien on said premises, and may be included in any decree ordering the sale of said premises and taken out of the proceeds of any sale thereof."

The bill set up the last of these provisions, and alleged that the complainant "was under the necessity of and did employ solicitors for the purpose of preparing, drafting and filing the bill and conducting the proceedings, and had become indebted to his solicitors for the reasonable value of their services rendered and to be rendered in and about these proceedings, and that by reason thereof, and under and by virtue of the provisions hereinbefore shown in the said deed of trust contained, there is and will also be due to your orator for solicitor's fee incurred, etc., the sum of $800." On a reference to the master the fee was shown to be of the reasonable value of $625, and the master, in his report, allowed that sum, but the defendant below objected thereto, claiming that under the terms of the trust deed only $100 could be so allowed. That objection was overruled, and renewed as

an exception to his report, but the exception was also overruled and a decree entered allowing the full amount of $625.

It is first contended by counsel for plaintiff in error that this bill being filed by the holder of the note secured by the trust deed, and not by the trustee therein named, the first of the foregoing provisions of the instrument does not apply. This we think too narrow a construction of the provision. It was evidently intended by the parties to cover the expense of a foreclosure suit, and whether that proceeding was instituted by the trustee or by the holder of the indebtedness could make no difference to the mortgagor. If that were the only clause relating to solicitor's fees it would hardly be contended that no fee could be allowed on a bill to foreclose wherein the holder of the indebtedness was the complainant. Aside from this contention, counsel for plaintiff in error lay down the three following propositions: "If the terms of the trust deed are inconsistent the trust deed will be construed strongly against the grantor; the mortgagee is at liberty to elect the provision most favorable to him." "Where there is a repugnance between the particular and the general description, the latter is accepted." "If the language of the mortgage is equivocal it will be interpreted adversely to the interests of the mortgagor, and in such a manner as to make it a valid, binding and effective security." It is thus sought to invoke the doctrine of *contra proferentem*,—that is, if there is any ambiguity in the language used it must be construed against the party using it. The reason of the rule is said to be, that men may be supposed to take care of themselves, and that he who gives, and chooses the words by which he gives, ought to be held to a strict interpretation of them, rather than he who accepts. (1 Beach on Modern Law of Contracts, sec. 726.) It is said by the same author in that connection: "This rule is not properly applicable to any case but one of strict equivocation, where the words

used will bear either one of two or more interpretations equally well. In such a case, if there be no other legitimate mode of determining the equipoise, this rule might well enough decide the case; but it was said by Redfield, Judge, in *Adams* v. *Warner*, 23 Vt. 395: 'This rule is the last to be resorted to, and is never to be relied upon but where all other rules of exposition of words fail.'"

We do not regard these two clauses as inconsistent and contradictory. Of course, in determining the legal effect of the contract it is the duty of the court to reconcile, if it can fairly do so, both provisions of the instrument,—that is, give effect to the whole of the instrument if it can reasonably be done. Applying that rule, we find no difficulty in concluding that the second provision was intended by the parties to provide for the payment of all costs and attorney's fees incurred or paid by the grantee or the holder of said notes in any suit in which either of them might be plaintiff or defendant by reason of being a party to the trust deed or a holder of the notes, other than a proceeding to foreclose the mortgage. It can readily be conceived that such a suit might have been brought either at law or in equity, affecting the rights of the grantee or holders of the notes, before the mortgage debt was due and before the deed could have been foreclosed. While the clause does not say, in terms, "in any suit" other than to foreclose the mortgage, it does not purport to provide for costs and attorney's fees in a foreclosure suit where the first clause does, that clause being clearly applicable to a foreclosure proceeding and nothing else. The language is: "And out of the proceeds of any such sale to first pay the costs * * * and $100 attorney's and solicitor's fees," etc. It is certainly true that $100 is an unreasonably low fee for the services rendered by complainant's solicitors in a case of this kind, and if we could say, as a matter of fact, that justice required the payment of a solicitor's fee in every case, whether provided for or not, we might consistently ap-

ply the rule cited by counsel, announced in *Noonan* v. *Bradley*, 9 Wall. 394, that "when an instrument is susceptible of two constructions, the one working injustice and the other consistent with the rights of the case, that one should be favored which standeth with the right." But we have uniformly held that in the absence of a statute authorizing the allowance of attorney's or solicitor's fees to the plaintiff's counsel, and in the absence of a contract between the parties to that effect, none whatever can be assessed against the defendant,—in other words, that the allowance of an attorney's fee in this State rests solely upon a contract between parties. If no attorney's or solicitor's fee is agreed to be paid none can be allowed, and if there is an agreement to pay a certain amount that amount limits the allowance, and it cannot be increased, though if unreasonable it may be diminished.

We think the Appellate Court properly decided the case, and its judgment will be affirmed.

*Judgment affirmed.*