93 P.2d 1002

**STATE ex rel. STANLEY et al. v. LUJAN, Judge of Seventh Judicial District Court.**

**No. 4369.**

Supreme Court of New Mexico.

Aug. 21, 1939.

E. L. Medler, of Hot Springs, and W. C. Whatley, of Las Cruces, for relators.

J. C. Gilbert, of Hot Springs, for respondent.

MABRY, Justice.

Respondents have filed a motion in this case, which was an original proceeding here in prohibition, for an order taxing certain items as costs against the relators. The case was heretofore disposed of after hearing, by dismissal of the writ without reference to costs. See State ex rel. Stanley et al. v. Lujan, Judge, 42 N.M. 291, 77 P.2d 178.

■ Counsel for respondents conceded that the matter of costs under Section 6 of rule 24 of Supreme Court rules rests in the discretion of the court in matters of this kind.

This rule reads: "The Court, after hearing the proofs and allegations of the parties, shall render judgment, either that a writ of prohibition absolute, restraining the respondent, shall issue, or that such writ be denied, and may make and enforce such order in relation to costs and charges as may be deemed just."

■ It is also conceded that the statute governing the assessment of cost in civil cases generally (section 1 of chapter 16 of the Laws of 1933) rests likewise in the discretion of the court. As a matter of course, all the costs accruing in this court were paid at the time of the filing of the suit by relators, and what respondents now desire to have done is to secure, by having this court now assess as items for "costs and charges", an item of $17.20 incurred by respondents in bringing up a record from the district court of Sierra County which he considered necessary in defense of the prohibition suit here, and in addition, an item of $42.62 likewise certified as paid from the court funds of Sierra County as traveling and other expenses of an attorney who appeared here to represent the respondent judge in the hearing upon the writ.

Counsel for respondent urges that inasmuch as the case was here dismissed as being without merit and the respondent thus prevailing, that the circumstances surrounding the institution of the suit were such as should move this court in its discretion to allow such items as "cost" or "charges", perhaps somewhat as a penalty.

■ In the absence of a statute or rule of court it cannot be said that attorney fees are such items as are properly taxed as costs, or may be considered as items recoverable as damages. Dame v. Cochiti Education & Improvement Co., 13 N.M. 10, 79 P. 296; Tatavich v. Pettine et al., 31 N.M. 479, 247 P. 840; Atchison, Topeka & S. F. R. Co. v. Citizens' Traction & Power Co., 16 N.M. 163, 113 P. 813.

The general rule is that each party to litigation must pay his own counsel fees. These are not allowable in the absence of a specially authorizing statute or agreement. Rowland v. Maddock, 183 Mass. 360, 67 N.E. 347; Brooks v. Forington, 117 Cal. 219, 48 P. 1073; Jenkins v. Commercial Nat. Bank, 19 Idaho 290, 113 P. 463; Henke v. Gunzenhauser, 195 Ill. 130, 62 N.E. 896, 897.

In the case of Gold Dust Corp. v. Hoffenberg, 2 Cir., 87 F.2d 451, 453, it was said with reference to attorney fees as costs: "Both in federal and in state courts it is established in actions at law and almost uniformly settled in equity cases that counsel fees may not be recovered" in the absence of statute or special agreement.

It would seem the rule governing fees would apply as well to traveling expenses.

Assuming, but not deciding, that under the term "charges", as used in the rule above mentioned we would be permitted to assess such items as suggested against relator, still there are no facts or circumstances to be found in this case, as reflected by the opinion or otherwise, which would justify such action. Regardless of the fact that the suit lacked merit, which clearly appears from our disposition thereof, the opinion does not so show, nor can we say, that the same was not instituted in good faith. It might also be said that there are many law suits wherein the prevailing party must bear the burden of some such expense and charges involved in preparation for trial, such as preparing evidence, and in attorney fees and traveling expenses. This situation we have often, and moreover, there are many instances where a suit is instituted by the losing party with slight hope, at the time, of success, and in rare cases, perhaps, even indifferent to success. These present cases of some of the uncompensated for burdens that litigants must be expected to assume in the orderly administration of justice as one of the common hazards of litigation.

The motion will be denied, and it is so ordered.

BICKLEY, C. J., and BRICE, ZINN, and SADLER, JJ., concur.