465 P.2d 515

Oliver C. GREGORY, Plaintiff-Appellant,

v.

EASTERN NEW MEXICO UNIVERSITY
and Mountain States Mutual Casualty Co.,
a corporation, Defendants-Appellees.

No. 383.

Court of Appeals of New Mexico.

Feb. 6, 1970

Reuben E. Nieves, Gore & Nieves, Clovis, for plaintiff-appellant.

John W. Bassett, R. D. Mann, Atwood, Malone, Mann & Cooter, Roswell, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiff was employed as an auto mechanic by Eastern New Mexico University. On May 14, 1968, during the course of his employment, plaintiff injured his back and neck. Plaintiff was paid benefits from the date of injury through October 1, 1968 when benefits were terminated. On November 27, 1968 plaintiff filed a claim for workmen's compensation benefits. Defendants answered denying they had failed to pay plaintiff's medical and related expenses and asserting that plaintiff suffered no permanent, partial or total disability by reason of the accident.

The trial court found that plaintiff was totally disabled and ordered reinstatement of disability payments until further order of the court. The trial court ruled that defendants were not obligated to pay medical and related expenses which occurred after October 3, 1968, except for two small medical bills, and denied plaintiff's request for an attorney fee for the taking of the deposition of Dr. Klebanoff.

We affirm.

Plaintiff appeals alleging four points for reversal. The first two points are discussed together since they are interconnected and go to the question of whether or not there was substantial evidence to support the trial court's finding. Plaintiff asserts:

"I. The court erred in concluding that no authorization for the referral to Dr. Klebanoff, or the subsequent surgery performed by him, was sought from or given by defendants.

"II. The court erred in concluding that defendants made provisions for adequate surgical, hospital and medical facilities and attention to

the injuries suffered, and that the plaintiff did not make any request or demand for additional medical, surgical and hospital services after October 3, 1968."

These issues, authorization for additional services and adequacy of the services furnished, involve § 59–10–19.1, subd. D, N. M.S.A.1953 (Repl. Vol. 9, pt. 1 Supp.1967) which read in part:

"In case the employer has made provisions for, and has at the service of the workman at the time of the accident, adequate surgical, hospital and medical facilities and attention and offers to furnish these services during the period necessary, then the employer shall be under no obligation to furnish additional surgical, medical or hospital services or medicine than those so provided; * * *."

Valdez v. McKee, 76 N.M. 340, 414 P.2d 852 (1966) states:

" * * * It is plain that where the employer has made provision for adequate medical services, he 'shall be under no obligation to furnish additional surgical, medical or hospital services or medicine than those so provided.' "

Plaintiff attacks the following finding:

"12.—After the accidental injury to Plaintiff on May 14, 1968, the Defendants made provisions for adequate surgical, hospital and medical facilities and attention for such injuries, and the Plaintiff did not make any request to or demand upon either of the Defendants to furnish additional medical, surgical, and hospital services after October 3, 1968."

The record discloses that plaintiff was first treated by Doctor Toland, a doctor of his choice. In the absence of Doctor Toland, he was treated by Doctor Miller. Next, plaintiff requested additional assistance. He was referred to an orthopedic surgeon who recommended conservative treatment and a return to work. Plaintiff complained of low back pain and was sent

to a neurosurgeon. That doctor found extensive osteoarthritic change throughout the spine but recommended that conservative therapy be continued.

Approximately a week prior to the neurosurgeon's examination, plaintiff's superintendent had directed him to obtain a report by "an independent M.D." (plaintiff's treating doctor, of his choice, was a D.O.). The purpose of the report was to enable plaintiff's superintendent "to request further participating in the complementing of Workmen's Compensation payments." Plaintiff did not use the report of the neurosurgeon. Instead he went to Dr. Boese. This doctor examined plaintiff, found he had cervical disc disease and referred him to Dr. Klebanoff.

Up to this point two specialists had recommended continuation of the conservative treatment plaintiff was receiving. The issue here concerns surgical procedures in the cervical and lumbar areas of the spine, performed by Dr. Klebanoff. One of the procedures was the removal of a herniated cervical disc. Because defendants had never offered the surgical procedures performed by Dr. Klebanoff, because plaintiff had had prior complaints in the area where surgery was performed and because the possibility of a cervical fusion had been previously pointed out, plaintiff asserts the treatment he had received from defendants prior to Dr. Klebanoff's surgery was inadequate. This contention disregards conflicting evidence. Not only had two specialists recommended continuation of conservative treatment prior to the surgery, another neurosurgeon testified that plaintiff had not suffered from a herniated disc prior to the surgery.

■ The finding that defendants made provision for adequate treatment is supported by substantial evidence. Accordingly, it will not be disturbed on appeal. Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968); see Valdez v. McKee, supra.

■ Since defendants provided for adequate treatment, they were not liable for the expenses incurred in connection with Dr. Klebanoff's treatment. Thus it makes no difference whether plaintiff requested that defendants provide the additional services received by him in connection with Dr. Klebanoff's surgery. Nevertheless, there is substantial evidence supporting the finding that plaintiff never asked defendants to provide those additional services. See Dudley v. Ferguson Trucking Company, 61 N.M. 166, 297 P.2d 313 (1956).

Plaintiff's third point is that:

"The court erred in failing to find that all medical expenses incurred by the appellant to date did not exceed $5,000.00."

■ At trial plaintiff requested such a finding which was denied. Plaintiff urges that all reasonable expenses, including the cost of surgery by Doctor Klebanoff, did not exceed $5,000.00, the maximum set by § 59–10–19.1, subd. A, N.M.S.A.1953 (Repl. Vol. 9, pt. 1 Supp.1967); and, accordingly, all of plaintiff's medical expenses should have been paid by the defendants.

That subsection, among other things, sets a limit as to the cost of medical services to be provided to the workman without a demand. It does not, however, require the payment of all the medical costs in this case because subsection D, discussed earlier in this opinion, provides the employer is not obliged to furnish additional services where he has provided for "adequate" services. Valdez v. McKee, supra. Since the trial court found defendants had provided adequate services, plaintiff's requested finding was superfluous.

■ Findings shall only consist of ultimate facts as are necessary to determine the issues and support the judgment. Section 21–1–1(52) (B) (a) (2), N.M.S.A. 1953. It is not error to refuse factually correct findings which are not ultimate facts necessary to support the judgment. State ex rel. State Highway Commission v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966).

Plaintiff's last point is that:

"The court erred in refusing to find that by its order the oral depositions of Dr.

Klebanoff was [sic] taken on March 4, 1969, in Albuquerque, New Mexico, and further erred in refusing to allow appellant an attorney fee for this service, in the amount of $150.00."

The first part of this contention concerns the refusal to find an ultimate fact. This has already been disposed of by the discussion of point three above.

■ Regarding the attorney fees for the taking of the deposition, plaintiff relies on § 59–10–13.9, N.M.S.A.1953 (Repl. Vol. 9, pt. 1) which reads in part:

"The cost and expense of any interrogatory, discovery procedure or deposition ordered by the court shall be paid by the defendants in the claim or action and in no event shall any unsuccessful claimant be responsible for the cost or expense of any interrogatory, discovery procedure or deposition ordered by the court."

Plaintiff would have us hold that "cost and expense" in this section includes attorney's fee. We cannot agree. See Farmers Gin Company v. Ward, 73 N.M. 405, 389 P.2d 9 (1964) construing § 25–1–6 and § 25–1–7, N.M.S.A.1953 in regards to cost of depositions. The Workmen's Compensation Act clearly spells out the areas in which attorney fees may be granted. Section 59–10–19.1, subd. B, supra, § 59–10–23, N.M.S.A.1953 (Repl. Vol. 9, pt. 1). A separate attorney fee for the taking of the doctor's deposition is not authorized by § 59–10–19.1, subd. B, supra. The trial court awarded attorney fees under § 59–10–23, supra, " * * * in preparing for and participating in the trial. * * * " There is no statutory basis for a separate attorney fee for taking the deposition. Plaintiff's request for such an award is not sustainable. Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct. App.1968) ; cf. Reck v. Robert E. McKee General Contractors, Inc., 59 N.M. 492, 287 P.2d 61 (1955).

Affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.