647 P.2d 397

**Rayford A. BARHAM, As Special Administrator of the Estate of Leona C. Barham, Deceased, Plaintiff-Appellant,**

**v.**

**Rhena JONES, Defendant-Appellee.**

**No. 13858.**

Supreme Court of New Mexico.

June 16, 1982.

Warren F. Reynolds, Hobbs, for plaintiff-appellant.

Templeman & Crutchfield, C. Barry Crutchfield, Lovington, for defendant-appellee.

## OPINION

RIORDAN, Justice.

Rayford A. Barham, special administrator (Administrator) of the estate of his mother, Leona C. Barham (Decedent), brought an action to recover certain personal property from Rhena Jones (Jones), the sister of the Decedent, which the Administrator claims belongs to the estate of the Decedent. The Administrator specifically alleged that after his making proper demand, Jones wrongfully retained possession of a set of diamond rings, a house trailer and its contents, $328.98 from the Decedent's bank accounts and a grandfather clock. The Administrator denies Jones' claim that she owns the property as a result of valid and completed gifts by the Decedent. The trial court found in favor of Jones. We affirm the trial court except as to the disposition of the clock.

### I. *Diamond Rings*

The evidence indicates that sometime before the Decedent's death she gave Jones her two diamond rings. At the time of delivery, the Decedent was emotionally upset. She told Jones that if Jones did not want the rings she could flush them down the commode. Jones testified that the day after receiving the rings, she handed them back to the Decedent and told her to put them back on because "you [the Decedent] are just not you without them." The Administrator argues that Jones never accepted the rings; therefore, there was not a completed gift. We disagree.

There is substantial evidence in the record to support the trial court's finding that there was a completed gift of the rings. We will not substitute our judgment for that of the trial court so long as the

findings are supported by substantial evidence. *Getz v. Equitable Life Assur. Soc. of U.S.*, 90 N.M. 195, 561 P.2d 468, *cert. denied*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). To have a completed gift there must be delivery of the gift to the donee, and the donee must accept the gift. *Espinosa v. Petritis*, 70 N.M. 327, 373 P.2d 820 (1962). The fact that the day after the rings were given to Jones she returned them to the Decedent to wear does not defeat a valid acceptance by Jones. *See Snyder v. Stouffer*, 270 Md. 647, 313 A.2d 497 (1974); *See In re Estate of Paulson*, 219 N.W.2d 132 (N.D.1974).

## II. *House Trailer*

The Administrator claims that there was no valid gift to Jones of the house trailer and its contents because the Decedent intended these items to be gifts only after her death. He claims this is a transaction in violation of the laws on testamentary transfer. We disagree.

There is substantial evidence to support the trial court's finding that the Decedent made a valid inter vivos gift of the trailer and its contents (excepting only family pictures). The record contains testimony that the Decedent intended Jones to have the house trailer and all of its contents. After purchasing the house trailer and before it was registered, the Decedent, during her lifetime, had the seller change the seller's affidavit of title from her name to that of Jones and her husband. The Joneses then duly registered the house trailer in their names and obtained title. The record also contains evidence that before the Decedent's death, Jones had access to the house trailer and used it on occasion for personal use. These facts support a finding that the Decedent fulfilled the requirements for making a completed gift. *See Espinosa v. Petritis, supra.*

## III. *Bank Accounts*

The Administrator argues that even though Jones was a joint party to the Decedent's two checking accounts and one savings account, Jones was only an authorized signatory for the limited purpose of writing checks for the Decedent and paying her bills after she died. The Administrator claims that the Decedent never intended to give Jones the funds from her accounts. He contends that the lack of intent defeats a valid gift to Jones of the balance of funds. We disagree.

Jones testified that when she signed the signature card, the Decedent told her to sign it so that Jones could get the money out of the bank "just as quick as possible" because the Decedent wanted her bills and funeral expenses paid and "Ray [the Administrator] was never known to pay bills."

After the Decedent's death, Jones paid all of the Decedent's bills (including the $271.53 balance due on the grandfather clock on layaway) leaving $328.98 in the account. We find that the $328.98 belongs to Jones.

The Decedent's bank accounts were joint accounts with Jones. A "joint account" is an account "*payable on request* to one or more of two or more parties whether or not mention is made of any right of survivorship." § 45–6–101(D), N.M.S.A.1978 (emphasis added). It is undisputed that because Jones signed the signature card the funds were payable to Jones "on request."

With a joint account, the law presumes a right of survivorship in the surviving party. *See* § 45–6–104(A), N.M.S.A. 1978; *see* AM.JUR.2d NEW TOPIC SER., *Uniform Probate Code* § 234 (1974); *see also Espinosa v. Petritis, supra.* Section 45–6–104(A) provides in part:

> Sums remaining on deposit at the death of a party to a joint account *belong to the surviving party* or parties *as against the estate* of the decedent *unless* there is *clear and convincing evidence* of a different intention at the time the account is created. [Emphasis added.]

Jones is the "surviving party" under Section 45–6–104(A). Although Jones admits that the Decedent never actually said she was giving the funds in the accounts to Jones, there is no clear and convincing evidence to the contrary; therefore, the presumption under the statute controls.

The statutory exception to the presumption of a right of survivorship is when funds from the joint account are needed to pay debts, taxes and expenses of administration of the estate of the deceased party if other assets of the estate are insufficient. § 45–6–107(A), N.M.S.A.1978. Here the exception is not claimed to apply.

IV. *Grandfather Clock*

■ We find that the $271.53 owed on the grandfather clock was a debt of the Decedent and properly paid by Jones from the joint account. We also find that there was no completed gift of the clock. The uncontradicted testimony by Jones is that the Decedent intended to give Jones the grandfather clock in the *future*. At the time of the Decedent's death, the clock was on layaway and had not been delivered to Jones. Therefore, there was no delivery as is required for a completed gift. *See Espinosa v. Petritis, supra; Oman v. Yates,* 70 Wash.2d 181, 422 P.2d 489 (1967). We, therefore, reverse the trial court on this point.

IT IS SO ORDERED.

SOSA, Senior Justice and PAYNE, J., concur.