680 P.2d 356

**Virginia THOMPSON, Personal Representative of the Estate of Anna D. Barngrover, deceased, Plaintiff-Appellant,**

v.

**James O. BARNGROVER, Defendant-Appellee.**

No. 7221.

Court of Appeals of New Mexico.

March 29, 1984.

Daniel J. Herbison, Robert D. Montgomery & Associates, P.A., Albuquerque, for plaintiff-appellant.

Leo C. Kelly, Lill & Kelly, P.C., Albuquerque, for defendant-appellee.

## OPINION

ALARID, Judge.

This action was filed by the personal representative (Virginia Thompson) of the Estate of Anna D. Barngrover to recover certain funds contained in a bank account which the deceased and her son, James O. Barngrover (appellee), held jointly. The trial court denied a motion by the representative for summary judgment (based on collateral estoppel), and, after trial before a jury, granted Barngrover's motion for a directed verdict. The representative appeals. We affirm.

FACTS

The pertinent facts are sufficiently set out in *Barngrover v. Estate of Barngrover*, 95 N.M. 42, 618 P.2d 386 (Ct.App. 1980) (*Barngrover I*). In summary, Anna D. Barngrover executed a will on September 6, 1973 in Burlington, Iowa. She bequeathed $1,000 to an old friend and neighbor, Carl Piel. The remainder of the estate was to be divided equally among her son, James, James' former wife, Mary, and their two children, Terry and Virginia. Anna moved to Albuquerque, New Mexico, from Iowa shortly after her husband's death in early 1977 to live with James. She lived with James until her death in 1978.

Anna kept all her valuable papers, including a copy of her will, in an unlocked strong box in her room. Upon Anna's death, the will was nowhere to be found. Anna's attorney produced a photocopy of the will and it was offered into probate. James challenged probate, arguing that

Anna intended to revoke the will by destroying the original. The trial court allowed, and this court affirmed in *Barngrover I,* formal probate of the copy.

The present action was filed March 17, 1981 by the estate's representative to recover funds from a joint bank account which James held with his mother, Anna. The trial court did not disturb James' right of survivorship to the account funds. Representative appeals from this adverse ruling, claiming that the account contains substantially all the estate proceeds which Anna intended to devise according to the terms of her will.

DISCUSSION

Appellant's argument that Anna's general, continuing intent to distribute her property according to the terms of her will does not, without more, rebut the presumption that a joint account creates a right of survivorship in favor of the surviving account holder. NMSA 1978, § 45–6–104(A); *Barham v. Jones,* 98 N.M. 195, 647 P.2d 397 (1982). The evidence is undisputed that James and his mother Anna held the funds in a joint account. NMSA 1978, § 45–6–101(D). The appellate record does not reveal when this joint account was established, thus we do not consider, and no issue is raised as to, Section 45–6–104(E). Section 45–6–104(A), which was taken from the Uniform Probate Code, *see* Uniform Probate Code, 8 U.L.A. § 6–104(a) (Master Ed.1983), provides as follows:

A. Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. If there are two or more surviving parties, their respective ownerships during lifetime shall be in proportion to their previous ownership interests under Section 6–103 [45–6103 NMSA 1978] augmented by an equal share for each survivor of any interest the decedent may have owned in the account immediately before his death. The

right of survivorship continues between the surviving parties.

*Barham v. Jones* describes Section 45–6–104(A) as a statutory presumption of a right of survivorship. This presumption is directed against the estate and the estate, consistent with NMSA 1978, Evid.R. 301 (Repl.Pamp.1983), had the burden of going forward with evidence to rebut or meet the presumption. Because the statute requires clear and convincing evidence, and it is the estate's burden to come forward with this evidence, the risk of nonpersuasion stated in Evidence Rule 301 does not apply. The comment to U.L.A. Section 6–104(a), *supra,* states that the effect of this statute "is to make an account payable to one or more of two or more parties a survivorship arrangement unless 'clear and convincing evidence of a different [intention]' is offered." Thus, by the terms of the statute, the risk of nonpersuasion is on the estate.

*Brezinski v. Brezinski,* 94 A.D.2d 969, 463 N.Y.S.2d 975 (4 Dept.1983), suggests that the burden on the estate may be met by proof that the survivorship account was opened for the convenience of the decedent, or as the result of undue influence, fraud, or lack of capacity. These are examples only. We do not suggest these are the only ways of proving an intent not to establish a survivorship account. The question in this case is whether the evidence shows that a survivorship account was not intended.

In the instant case, there is no evidence which suggests that Anna intended, when the account was created, to deny James a right of survivorship. Appellant suggests that evidence at trial showed Anna's "continuing intent, over substantial periods of time, to dispose of her estate in the manner described in her will." This point is conceded, having been established in *Barngrover I,* but the assertion does not answer whether Anna intended to include the account funds within her estate so as to defeat James' claimed right of survivorship. Anna's continuing intent is non-specific; it does not show, as a matter of law, an intent not to establish a survivorship

account at the time the account was established. The trial court could properly view Anna's continuing intent as insufficient to meet the test of clear and convincing evidence. *See Matter of Doe*, 98 N.M. 198, 647 P.2d 400 (1982).

■ Appellant also made passing reference in her brief and at oral argument that evidence was proffered that "undue influence, duress or emotional coercion *may have existed.*" The evidence on this point is minuscule at best. The evidence consists of an "incident in the shoe store where she [Anna] said, in fact, I think my son [James] wants me for my money, but what else can I do." The trial judge noted that if this conversation took place in the described manner, it shows that Anna "considered her actions." Under these facts, appellant has far from met her burden of showing that James unduly influenced or coerced Anna into opening the joint account.

■ On the issue of collateral estoppel, appellant argues that *Barngrover I* conclusively established that Anna "intended that her estate be divided to benefit the five persons named in that will, and that revocation was inconsistent with that intent." This argument begs the essential issue because it assumes that since joint account funds "comprise substantially the entire estate of Anna," she must have necessarily contemplated that James should not have a right of survivorship. The court in *Barngrover I*, however, did not actually or necessarily conclude that the account funds comprised a part of Anna's estate. The question was not before the trial judge. The issue of the survivorship account was not necessarily involved in the earlier proceeding which concerned admitting a copy of the will to probate.

■ Collateral estoppel applies to bar subsequent litigation of issues only where such issues were actually and necessarily litigated in a previous action. *Mid-Century Ins. Co. v. Varos*, 96 N.M. 572, 632 P.2d 1210 (Ct.App.1981). This is not the situation in the present case.

At oral argument appellant relied on *First State Bank v. Muzio*, 100 N.M. 98, 666 P.2d 777 (1983). *Muzio*, which concerned a res judicata issue, is not applicable because the cause of action in *Barngrover I* and in this case was not the same.

The judgment of the trial court is affirmed. Appellant is to bear all costs.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.