272 P.2d 681

**MARR v. NAGEL.**

No. 5744.

Supreme Court of New Mexico.

July 14, 1954.

Rehearing Denied Aug. 6, 1954.

Iden & Johnson, Albuquerque, for Eugene Nagel.

Joseph L. Smith, Arturo G. Ortega, Albuquerque, for cross-appellants Russell.

Vance Mauney, Albuquerque, for cross-appellant and appellee Tapia.

Lorenzo A. Chavez, and Benigno C. Hernandez, Jr., Albuquerque, for Robert M. Marr.

Simms & Modrall, and George T. Harris, Jr., Albuquerque, for Frank Cohn.

FEDERICI, District Judge.

This is an appeal from the District Court involving a jury trial, and orders and judgments regarding several parties entered with respect thereto, all arising from a four car collision, and is before us on motions to dismiss appeals.

Plaintiff, Robert M. Marr, filed suit against the defendants, Eugene Nagel, Allan Stamm, Frank Cohn, and the administrator of the Estate of John N. Tapia, Jr. The action against Stamm was early dismissed, and he will no further be referred to as a party. Then J. V. Russell and Opal Russell, his wife, filed their complaint in intervention against the above named defendants. Then the administrator of the Tapia Estate filed a cross claim against the defendant Nagel. The issues raised by the pleadings revolve about the question of negligence of the parties, and claims for damages and related matters.

Briefly the facts appear to be that this four car collision occurred on Highway 85 between Santa Fe and Albuquerque on October 6, 1951, around 7 P.M., it being apparently dark and the cars apparently had their headlights turned on. The automobile driven by John N. Tapia, Jr., was in the lead of three south-bound cars approaching a bridge. The automobile of plaintiff, Robert M. Marr, was following the Tapia car. The defendant Frank Cohn's car was following the Marr car. The Cohn car started to overtake and did pass the Marr car, when there appeared on the scene the north-bound truck of defendant, Eugene Nagel, whereupon the Cohn car pulled back into the right lane of traffic in front of the Marr car just passed, and behind the Tapia car which had been ahead of the Marr car. About this time the north-bound Nagel truck side-swiped the lead south-bound Tapia car, and the Nagel truck continued northward sideswiping also the second south-bound car, which was the Cohn car, and continued northerly to his left side of the road and struck the third south-bound car, being the Marr car, which by then was practically stopped, having slowed up after the Cohn car passed and pulled in front of the Marr car and behind the Tapia car. The accident resulted in death to Tapia, personal injuries to plain-

tiff Marr and intervener Opal Russell, who was a passenger in the Marr car.

The jury's verdict in the form of answers to special interrogatories was as follows:

"Special Interrogatories

"1. Do you find the collision between the vehicle driven by the Defendant Nagel and that driven by John N. Tapia, Jr., deceased, was an unavoidable accident?

(Yes or No)    No

"2. Do you find that the collision between the vehicle operated by the Defendant Nagel and the vehicle operated by the Plaintiff Marr, was an unavoidable accident?

(Yes or No)    No

"(If you answer both Number 1 and Number 2 'Yes', do not answer any further interrogatories.

"3. Do you find that the Defendant Nagel was negligent as regards his collision with the Defendant Tapia's vehicle, and do you further find that said negligence was the proximate cause of the death of John N. Tapia, Jr., deceased?

(Yes or No)    Yes

"4. Do you find that as regards the collision between the Nagel and Tapia vehicles, the decedent Tapia was negligent, and that such negligence caused or contributed to the causing of said collision?

(Yes or No)    No

"5. Do you find that the Defendant Nagel, as regards the collision between the Nagel and the Marr vehicles, was negligent, and do you further find that such negligence was the proximate cause, or a proximate contributing cause to such collision?

(Yes or No)    Yes

"6. Do you find that John N. Tapia, Jr., was negligent as to the collision between the Tapia car and the Nagel truck, and do you further find that such negligence on the part of Tapia contributed to or was the proximate cause of the collision between the Nagel truck and the Marr vehicle?

(Yes or No)    No

"7. Do you find that the Defendant Cohn was negligent, and do you further find that the Defendant Cohn's negligence was the proximate cause or a contributing proximate cause to the collision between the Nagel and the Marr vehicles?

(Yes or No)    Yes

"8. Do you find that the Plaintiff Robert M. Marr, was negligent, and do you further find that such negligence was a contributing cause to the

collision between the Nagel and Marr vehicles?

(Yes or No)   No

"9. If you find any or all of the Defendants negligent in the collision involving the Marr car and the Nagel truck, and that such negligence on the part of each Defendant was either the proximate cause or a contributing proximate cause to the collision between the Nagel and Marr vehicles, specify the damages proximately suffered by each of the following parties:

Robert M. Marr:   $10,000.00
Opal Russell:     $ 2,000.00
J. V. Russell:    $  None

"10. If you find that the Defendant Nagel was negligent, and that his negligence was the sole proximate cause of the collision between him and John N. Tapia, Jr., deceased, and that John Tapia was not negligent, specify the damages suffered by John Tapia's Estate.              $15,000.00"

The trial court granted defendant Cohn's motion for judgment notwithstanding the special verdict rendered against him as one of the defendants and in favor of plaintiff Marr and intervener Opal Russell.

The first legal proposition raised is by motion filed in this court by defendant-appellee Cohn seeking to dismiss the appeal of Nagel and cross-appeal of Russells, claiming no appellate jurisdiction in that said appeal was *not perfected*, Cohn's contention is that an appeal from an order granting a motion for judgment notwithstanding verdict must be applied for within twenty days from the entry of the judgment or order, pursuant to the provisions of Rule 5(2) of the Supreme Court Rules, providing in part as follows:

"2. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such *interlocutory* judgments, orders or decisions of the district courts, as *practically* dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after entry of final judgment.

\*     \*     \*     \*     \*     \*

"Application for allowance of appeal under the provisions of this section must be made within *twenty days* from the entry of the judgment, order, decision, or conviction appealed from." (Emphasis ours.)

On the other hand, Rule 5(1) of the Supreme Court Rules provides as follows:

"1. Within *three months* from the entry of any *final judgment* in any

civil action, any party aggrieved may appeal therefrom to the Supreme Court." (Emphasis ·ours.)

From a time element standpoint, admittedly the appeal was not perfected if Rule 5(2) is controlling, but was perfected if Rule 5(1) is controlling.

A brief review of what the record discloses as to this matter seems pertinent. On April 29, 1953, there was entered an instrument signed by the trial judge entitled "Order for Judgment of Dismissal of Defendant Frank Cohn Notwithstanding Special Verdict," the pertinent parts of the order for the purpose of this point reading as follows:

"Ordered, Adjudged and Decreed that the Defendant Frank Cohn's motion for judgment of dismissal notwithstanding the special verdict is granted, and it is, therefore

"Ordered that judgment be and the same hereby is entered *dismissing with prejudice the action of Plaintiff and of the Intervenors herein,* notwithstanding the special verdict of the jury, and

"It Is Further Ordered that the Defendant Frank Cohn *have and recover from Plaintiff and Intervenors said Defendant's costs and disbursements herein,* to be taxed by the Clerk of this

Court; to all of which opposing counsel except and object." (Emphasis ours).

On the same day, April 29, 1953, there was entered an instrument signed by the trial judge entitled "Judgment" and providing and reciting insofar as is pertinent hereto as follows:

" * * * and the Court having granted defendant, Frank Cohn's Motion for Judgment notwithstanding veredicto * * * "

followed by the language:

"It Is Further Ordered, Adjudged and Decreed that the intervenor, J. V. Russell, have nothing against the defendants, * * * Frank Cohn."

and concluding:

"It Is Further Ordered, Adjudged and Decreed That Plaintiff, Robert M. Marr, and intervenor, Opal Russell, have nothing against defendants * * * Frank Cohn."

On July 6, 1953, defendant Nagel applied to the District Court for an appeal from the judgment entered on April 29, 1953, against him and in favor of Marr and Opal Russell, which appeal was allowed by order on the same date. On the same day notice of such appeal was given to Marr, Cohn, the Tapia Estate, and the Russells. On July 15, 1953, interveners Russell applied for a cross-ap-

peal from the final judgment of the court, which cross-appeal was granted by the District Court on the same date. On the same day notice of such cross-appeal was given to all of the parties, including Cohn.

Consequently, insofar as the application for appeal by Nagel, cross-appeal by Russells, and notice thereof to all parties, including Cohn, we find no fault therewith as far as tying in all of the parties, including Cohn, by virtue of the application and allowance of the Nagel appeal and notice to all of the parties, together with the application and allowance of the Russell cross-appeal, together with notice to all parties. In other words, insofar as this necessary first step is concerned in the possible perfection of the appeal, we find that at least in the District Court all parties were properly before the court for the purpose of the allowing of the appeal and cross-appeal, aside, of course, from the question of whether the applications for appeal and cross-appeal were timely made, which we shall dispose of next.

The question remains, therefore, whether the application for the appeal and cross-appeal should have been made within the twenty day limit prescribed by Supreme Court Rule 5(2), supra, or whether the appeal and cross-appeal were properly allowed within the three months' provision of Rule 5(1) supra.

The rule seems to be stated in elementary language in 2 Am.Jur., Appeal and Error, § 22, as follows:

*"What Is a Final Judgment, Order, or Decree.*—A judgment, order, or decree, to be final for purposes of an appeal or error, must dispose of the cause, *or a distinct branch thereof,* as to all the parties, reserving no further questions or directions for future determination. * * * In other words, a final judgment is one which operates to divest some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition * * *" (Emphasis ours).

It is our view that the order for judgment of dismissal of defendant Frank Cohn notwithstanding the special verdict, and the reiteration of the substance thereof in the judgment entered on the same day, constitutes a final judgment within the meaning of Rule 5(1) of the Supreme Court Rules allowing three months' time in which to appeal therefrom. It appears that both the order and the judgment fall within the elementary definition of what constitutes a final judgment, order, or decree as set out in Am.Jur., supra.

The second legal proposition raised by defendant Cohn's motion to dismiss the

appeal, is his contention that appellant Nagel is not an aggrieved party within the meaning of Rule 5(1) of the Supreme Court set out supra. Defendant Nagel's assignments of error in this court are not directed against the judgment obtained against him by plaintiff Marr, but rather urge error on the part of the trial court in entering the order for judgment of dismissal of defendant Cohn notwithstanding the special verdict of the jury against him. The contention in effect made by Cohn in his motion to dismiss the appeal is that a defendant (Nagel) cannot complain of the granting of a motion for judgment notwithstanding verdict in favor of a co-defendant (Cohn), and consequently not having been aggrieved thereby cannot entertain an appeal therefrom, because not being an aggrieved party within the meaning of Rule 5(1), supra.

■ It must be remembered that plaintiff Marr obtained a ten thousand dollar verdict by the jury's answers to special interrogatories against both the defendant Nagel and his co-defendant Cohn. The trial court released Cohn from all liability under the verdict by sustaining his motion for judgment notwithstanding the verdict. Was defendant Nagel aggrieved thereby to the extent that he be entitled to have this court review the question of whether or not the trial court erred in granting a motion

relieving his co-defendant of all liability? In view of the provisions of Chapter 121, New Mexico Session Laws, 1947, § 21–118 et seq., Supplement N.M.S.1941 Ann., providing for the right of contribution among joint tortfeasors, a joint tortfeasor (Nagel) does have a possible interest in the retention of a joint verdict which if left undisturbed by a trial court would as a matter of form result in a joint judgment against him and also against a co-defendant joint tortfeasor (Cohn). This is true because of a possible right of contribution from Cohn if he, Nagel, should have to pay and discharge a judgment in favor of their common plaintiff Marr had Cohn remained as a resulting joint judgment debtor along with Nagel. Certainly then, when the trial court discharged the co-defendant and joint tortfeasor, Cohn, from all liability to the common plaintiff Marr, and for that matter in favor of the interveners Russell, the other joint tortfeasor Nagel, because of the provisions of the foregoing statute, certainly became an aggrieved party at least to the extent that the trial court in discharging the co-defendant and joint tortfeasor, Cohn, (so far as he was found by the jury to be a joint tortfeasor) thereby deprived him, Nagel, of a possible right of contribution from the co-defendant Cohn. And as so possibly aggrieved he certainly should have a right to have this court review the action

of the trial court in holding in effect that Cohn was not a joint tortfeasor notwithstanding the verdict of the jury to the contrary, and to the effect that Cohn was, as Nagel's co-defendant, a joint tortfeasor along with the defendant Nagel. We hold, therefore, that under the facts outlined above the defendant Nagel was an aggrieved party within the meaning of Rule 5(1), supra, for the purpose of obtaining a review in this Court of the ruling of the trial court in granting judgment in favor of the co-defendant Cohn notwithstanding the special verdict of the jury.

There are other matters raised in Cohn's motions to dismiss the appeal and cross-appeal, and to strike briefs, which in view of this Court's holding on the above two legal propositions, become of no significance and will be pursued no further.

The motions to dismiss will be denied. There is also a motion to strike the brief of the intervener J. V. Russell which is without sufficient merit to justify favorable action thereon, and it is also denied.

It is so ordered.

McGEHEE, C. J., and SADLER, COMPTON and LUJAN, JJ., concur.

SEYMOUR, J., not participating.