678 P.2d 712

**William O. ST. SAUVER, Plaintiff-Counter Defendant,**

v.

**NEW MEXICO PETERBILT, INC., Defendant,**

**and**

**Jackie Turner, as Personal Representative of the Estate of Jerry R. Turner, Deceased, Defendant-Counter Claimant, Cross Claimant,**

**and**

**The New Mexico State Highway Department, Defendant-Counter Defendant, Appellant,**

**and**

**Juan Medina, Defendant-Counter Defendant, Appellee,**

**and**

**Jacqueline A. TURNER, a/k/a Jackie Turner, Personal Representative of the Estate of Jerry R. Turner, Deceased, Third Party Complainant,**

v.

**GOODY'S COFFEE SHOPS, Third Party Defendant.**

**No. 7313.**

Court of Appeals of New Mexico.

March 8, 1984.

Civerolo, Hansen & Wolf, P.A., Carl J. Butkus, Albuquerque, for defendant, counter-defendant, appellant, New Mexico State Highway Dept.

Ussery & Parrish, Catherine Baker Stetson, Albuquerque, for defendant, counter-defendant, appellee Juan Medina.

## OPINION

MINZNER, Judge.

This negligence action arose out of an automobile accident which occurred on New Mexico State Road 44 within the exterior boundaries of the Zia Pueblo. The named defendants included, *inter alia,* the New Mexico State Highway Department (NMSHD) and Juan Medina (Medina). Medina filed a Motion to Dismiss, alleging lack of both personal and subject matter jurisdiction. Uncontroverted affidavit testimony established that Medina was an enrolled tribal member of the Zia Pueblo. Evidence further established that NMSHD has a right-of-way lease over State Road 44.

At hearing, plaintiff neither consented to nor contested Medina's motion. Plaintiff is not a party to this appeal. NMSHD did contest the motion, arguing that the State district court had subject matter jurisdiction over the action and personal jurisdiction over Medina. NMSHD's standing to contest the motion was raised at this time. NMSHD never filed a cross-claim against Medina.

The trial court granted Medina's Motion to Dismiss for lack of subject matter jurisdiction. The Order constitutes a final judgment as to Medina. NMSA 1978, Civ.P.R. 54(b)(2) (Repl.Pamp.1980). NMSHD appeals. We hold that NMSHD lacks standing and dismiss the appeal.

NMSA 1978, Civ.App.Rule 3(a) provides that "any party aggrieved" may appeal from a final order or judgment. To be aggrieved, a party must have a personal

or pecuniary interest or property right adversely affected by the judgment. *Ruidoso State Bank v. Brumlow*, 81 N.M. 379, 467 P.2d 395 (1970). The party's interest must be immediate, pecuniary, and substantial, not nominal or a remote consequence of judgment. *Leoke v. County of San Bernardino*, 57 Cal.Rptr. 770, 249 Cal. App.2d 767 (1967).

NMSHD argues that it is a "party aggrieved" within the holding in *Marr v. Nagel*, 58 N.M. 479, 272 P.2d 681 (1954). In *Marr*, the court permitted a co-defendant to appeal an order granting a motion for judgment notwithstanding the verdict. The trial court's action released a co-defendant from liability. The *Marr* opinion was decided under the doctrine of joint and several liability, and the court relied upon the application of the doctrine to find standing. 58 N.M. at 485–86, 272 P.2d at 685. The court found that the joint tortfeasor who appealed had a possible interest in the retention of a joint verdict that, if undisputed, would result in a joint judgment against him and another.

NMSHD recognizes that we have held that, in a comparative negligence case, a concurrent tortfeasor is not liable for damages attributable to another's negligence on a theory of joint and several liability. *Bartlett v. New Mexico Welding Supply, Inc.*, 98 N.M. 152, 646 P.2d 579 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982). The *Bartlett* holding that joint and several liability is not to be retained in our pure comparative negligence system has been repeatedly affirmed. *Taylor v. Delgarno Transportation, Inc.*, 100 N.M. 138, 667 P.2d 445 (1983); *Wilson v. Galt*, 100 N.M. 227, 668 P.2d 1104 (Ct.App.), *cert. quashed*, 100 N.M. 192, 668 P.2d 308 (1983). Nevertheless, NMSHD argues that it is a party aggrieved under *Marr*.

The following language appears in the *Bartlett* decision:

The question is whether, in a comparative negligence case, a concurrent tortfeasor is liable for the entire damage caused by concurrent tortfeasors. In answering this question, *we do not consider situations where one of the tortfeasors would not be subject to any liability; such situations might arise under either statutory or common law provisions.*

98 N.M. at 154, 646 P.2d at 581 (emphasis added) (citations omitted). NMSHD argues that this language creates an uncertainty as to whether joint and several liability applies in this case, where the court lacks subject matter jurisdiction over one of the tortfeasors. NMSHD has identified two federal district court cases in which the trial court found that this language meant New Mexico had retained joint and several liability with respect to an immune tortfeasor. *See Fernstrom v. Gulf Oil Corp.*, No. 82–141–JB (D.N.M. October 29, 1982); *Lujan v. General Electric Co.*, No. 81–534–JB (D.N.M. June 28, 1982). NMSHD argues that it would be aggrieved if Medina's dismissal stands and the trial court applies the doctrine of joint and several liability to this action.

NMSHD lacks standing to bring this appeal. Because NMSHD's aggrievement is both remote and contingent, it is insufficient to support standing. The trial court has not yet ruled on the application of joint and several liability. NMSHD will be injured only if (1) both Medina and NMSHD are found to be negligent and responsible for some part of plaintiff's damage, (2) the trial court applies the doctrine of joint and several liability, and (3) the plaintiff seeks to recover any damages based on Medina's negligence from NMSHD.

This case is distinguishable from *Marr*, where the jury had rendered a joint verdict, the tortfeasor faced an adverse judgment under certain application of joint and several liability, and a concurrent tortfeasor was granted a judgment notwithstanding the verdict. The court found, in that case, that the joint tortfeasor was an aggrieved party to the extent the trial court deprived him of a possible right of contribution. The court recognized a right of appeal with respect to the action of the trial court in releasing the co-defendant despite the jury's verdict.

In this case, unlike *Marr,* NMSHD's interest in the trial court's order of dismissal depends upon subsequent events at trial that may or may not occur. Thus, it is a remote and contingent interest.

In *Marr,* on the other hand, as a result of the jury verdict the defendant could demonstrate that the trial court's judgment had deprived him of a right of contribution. This right of contribution, which the court describes as "possible," seems to have been contingent primarily on the decision which was being appealed. Before the judge's decision, in *Marr* the party had a statutory right to contribution; after the judge's decision, that right had disappeared because he had decided the basis of the right, joint liability, adversely to the defendant. In this case, NMSHD has suffered no present injury as a result of the order it has appealed.

Further, NMSHD's interest is nominal. Although there is no evidence that Medina is immune to suit elsewhere, NMSHD has argued that Medina might be immune in a practical sense because some Indian reservations lack a formal court structure and a well-defined body of law to apply in tort cases. *See* Occhialino, "Civil Procedure," *Survey of New Mexico Law: 1981–82,* 13 N.M.L.Rev. 251, 252 (1983). Even if the reference in *Bartlett* to immune tortfeasors includes an Indian defendant such as Medina, for whose negligence there may be no adequate forum, the *Bartlett* language cited, *supra,* did not create a general exception to the rejection of joint and several liability for immune tortfeasors. The court in *Bartlett* reserved ruling because that specific question was not before it.

*Bartlett* rejected joint and several liability for the reason that it was incompatible with a pure comparative negligence system. Although most jurisdictions that have adopted comparative negligence have retained joint and several liability, they have done so for reasons that the *Bartlett* court rejected. *See Coney v. J.L.G. Industries, Inc.,* 97 Ill.2d 104, 73 Ill.Dec. 337, 454 N.E.2d 197 (1983) (which reviews the retention of joint and several liability in comparative negligence jurisdictions). *Bartlett* rejected as grounds for the retention of joint and several liability (1) the theory that joint tortfeasors had committed a single, indivisible wrong and (2) the theory that the plaintiff should not bear the risk of being unable to collect his judgment. To the extent that Medina's absence from the lawsuit presents a risk that the plaintiff will not be able to collect all damages that might be assessed, *Bartlett* has rejected that ground as a sufficient reason to impose joint and several liability.

The parties have identified no factors that would merit the application of joint and several liability. There is no significant distinction between an action where one tortfeasor is unknown, as in *Bartlett,* and an action such as this one, where the court lacks jurisdiction over a tortfeasor, even if no other forum exists. In both cases, the law of comparative negligence in New Mexico requires that the trier of fact determine negligence proportionately, and holds that a tortfeasor be held liable for damages only to the extent of his percentage of negligence. *Bartlett v. New Mexico Welding Supply, Inc.; Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981). NMSHD's apprehension regarding the potential application of joint and several liability has no merit.

Because NMSHD is not an aggrieved party within the meaning of the statute, the appeal is hereby dismissed. We do not reach the other points raised by the parties on appeal.

IT IS SO ORDERED.

NEAL and ALARID, JJ., concur.