718 P.2d 1350

Joseph E. SOLIZ, Plaintiff-Appellee,

v.

BRIGHT STAR ENTERPRISES, Bitumi-
nous Insurance Company, Vicente Jas-
so, the State Superintendent of Insur-
ance, and The New Mexico Subsequent
Injury Fund, Defendants.

The New Mexico Subsequent Injury
Fund, Defendant-Appellant.

No. 8414.

Court of Appeals of New Mexico.

April 17, 1986.

Certiorari Denied May 20, 1986.

David A. Archuleta, Albuquerque, for
plaintiff-appellee.

J.E. Casados, Gallagher & Casados, P.C.,
Albuquerque, for defendant-appellant.

Howard R. Thomas, Matthew P. Holt,
Sager, Curran, Sturges & Tepper, P.C., Al-
buquerque, for defendants.

## OPINION

DONNELLY, Judge.

This is an appeal from a district court
order directing defendants to pay the costs

of a deposition of plaintiff's expert medical witness in a workmen's compensation case.

The single issue presented on appeal is whether the trial court's order allowing general discovery as opposed to a particular finding of good cause and materiality for a particular item of discovery, complies with the requirements of the Workmen's Compensation Act, NMSA 1978, Section 52–1–34. We reverse.

Plaintiff filed an action seeking an award of workmen's compensation benefits. Thereafter, defendants, Bright Star Enterprises (Bright Star) and Bituminous Insurance Company (Bituminous) filed a motion seeking permission "to undertake all discovery procedures authorized by the Rules of Civil Procedure." The motion filed by defendants did not list and the parties did not apprise the court of the names of any specific persons or entity sought to be deposed.

Thereafter, the trial court entered an order reciting:

Defendants' Motion for discovery having come regularly before the Court and the Court being fully advised in the premises, FINDS that good cause exists for discovery as authorized by the New Mexico Rules of Civil Procedure, and that the evidence to be obtained will probably be material to the issues of this cause,

IT IS THEREFORE ORDERED that *Plaintiff and Defendants may engage in any discovery procedure authorized by the New Mexico Rules of Civil Procedure*, pursuant to Section 52–1–34 N.M. S.A. 1978, without either Plaintiff or Defendants waiving their rights to object to the taking of or paying for any specific discovery procedure. [Emphasis added.]

After entry of the order, plaintiff took the deposition of his expert, Dr. Ronald Racca. This was the only deposition taken by plaintiff. Defendants and the New Mexico Subsequent Injury Fund (Fund), settled with plaintiff; however, on plaintiff's motion for an order to show cause, defendants were ordered to pay the costs of the deposition of Dr. Racca, and the

Fund and the Superintendent of Insurance were ordered to pay plaintiff an additional attorney's fee incident to obtaining the order. The Fund and the Superintendent of Insurance pursue an appeal herein. Bright Star and Bituminous did not appeal from the entry of the order directing payment, but with leave of this court have filed amicus briefs herein.

Discovery proceedings in a worker's compensation action are governed by statutory requirements. Section 52–1–34, provides:

The Rules of Civil Procedure for the District Courts and the Supreme Court Rules shall apply to all claims, actions and appeals under the Workmen's Compensation Act * * * except where provisions of the Workmen's Compensation Act directly conflict * * * in which case the * * * Workmen's Compensation Act shall govern * * * provided, however, that any interrogatories, discovery procedures and depositions * * * *shall be had only after motion* * * * *and the court* * * * *finds, after due hearing, that good cause exists, that the evidence to be obtained will probably be material to the issues of the cause and the court enters an order authorizing the same.* [Emphasis added.]

■ A party seeking discovery in a worker's compensation case, must comply with a two-step process: first, the party must file a motion with the court seeking authorization to conduct discovery. Second, the court must find that good cause exists for the discovery, that the evidence to be obtained will probably be material to the issues of the cause and that the court should enter an order authorizing the discovery. Section 52–1–34. This procedure is mandatory. *Reed v. Fish Engineering Corp.*, 74 N.M. 45, 390 P.2d 283 (1964). *See also Maschio v. Kaiser Steel Corp.*, 100 N.M. 455, 672 P.2d 284 (Ct.App.1983).

In *Reed*, Justice Moise, speaking for the supreme court, stated that compliance with the two-step process outlined in Section 52–1–34 is a prerequisite to obtaining dis-

covery in a workmen's compensation action, and that:

> Clearer language could not have been devised to state that discovery procedures authorized by the rules of civil procedure would not be applicable without the motion and order required by the statute. * * * [Section 52–1–34 states that] discovery could be had "only" after motion and the making of certain findings after hearing, and the entry of an order. For us to conclude this was merely directory and not mandatory would do violence to and nullify the language used.

*Id.* 74 N.M. at 53, 390 P.2d at 289.

██ The motion of defendants and the general order entered by the trial court did not satisfy the requirements of Section 52–1–34. Under the express terms of the order, the parties did not waive any objections as to discovery or the payment of any resulting costs. The statutory requirement necessitating a finding that there is "good cause" for undertaking discovery and that the evidence sought to be obtained "will probably be material" cannot properly be entered in general, without identifying the specific discovery sought or individuals or entities to be deposed, and a determination by the court that the specific discovery or deposition requested will probably be material to the cause. The statute may not be construed in such a way as to nullify its provisions. *Reed v. Fish Engineering Corp.; Varos v. Union Oil Co. of California*, 101 N.M. 713, 688 P.2d 31 (Ct.App. 1984). Without a showing of "good cause" for a particular deposition, it is not proper to authorize the taking of a deposition. *Escobedo v. Agriculture Products Co.*, 86 N.M. 466, 525 P.2d 393 (Ct.App.1974). Except as authorized by statute, no allowance for expenses of a deposition may be made in workmen's compensation cases. *Reed.*

██ Plaintiff argues that Fund does not have standing to appeal from the order requiring it to pay for Dr. Racca's deposition. We disagree. The Fund objected to entry of the order; it has a real and substantial interest in the subject matter before the court and is an aggrieved party. *See Home Fire & Marine Insurance Co. v. Pan American Petroleum Corp.*, 72 N.M. 163, 381 P.2d 675 (1963). The order will have an immediate adverse pecuniary effect on the Fund, and the Fund has standing in this appeal. *St. Sauver v. New Mexico Peterbilt, Inc.*, 101 N.M. 84, 678 P.2d 712 (Ct.App.1984).

Plaintiff argues that general orders authorizing discovery in workmen's compensation proceedings are proper, and that a narrow interpretation of the statute will result in trial delays because excessive motions will be filed, necessitating needless expenditure of court time. We disagree. Since under the Workmen's Compensation Act, a defendant is required to pay the cost and expense of any discovery or deposition which has been authorized by the court, irrespective of the merits or outcome of the action, the language of Section 52–1–34, requiring a finding of good cause and materiality, is intended to protect against possible abuse of discovery and serves as a protective limitation thereon. Moreover, claims under the Workmen's Compensation Act, NMSA 1978, Sections 52–1–1 through 52–1–69, are intended to be advanced on the calendar and disposed of as promptly as possible. § 52–1–35(A). Blanket orders allowing unspecified discovery do not further that goal. To the contrary, the general order entered will foster unnecessary discovery with resulting delay and cost, resulting in consequences not sanctioned by the Act.

The order entered by the court failed to meet the requirements imposed under Section 52–1–34. A finding of good cause or materiality cannot be made in the abstract.

The order appealed from is reversed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.