817 P.2d 1251

**Lester G. CANTRELL, Claimant–
Appellant,**

v.

**W & C CONTRACTING CO., INC., and
United States Fidelity and Guaranty
Company, Respondents–Appellees.**

**No. 12470.**

Court of Appeals of New Mexico.

July 16, 1991.

Certiorari Denied Sept. 5, 1991.

Robert G. Marcotte, Albuquerque, for claimant-appellant.

Nancy Augustus, Seth Bingham, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for respondents-appellees.

OPINION

DONNELLY, Judge.

Claimant appeals a judgment of the workers' compensation judge (WCJ) denying him compensation benefits because the WCJ determined that claimant's work-related injury resulted from his intoxication.

Claimant raises four issues: (1) whether the failure of W & C Contracting Company and its insurance carrier, United States Fidelity and Guaranty Company (respondents) to file a formal answer to claimant's petition, as required by NMSA 1978, Section 52–5–7(A) (Repl.Pamp.1987), waived respondents' right to raise the defense of intoxication; (2) whether the discovery order entered by the WCJ was contrary to Section 52–5–7(F); (3) whether the WCJ committed reversible error in refusing to order respondents to provide claimant with funds with which to hire expert witnesses; and (4) whether substantial evidence supported the WCJ's finding that claimant was intoxicated at the time of the accident and that his intoxication was a proximate cause of the accident. We affirm.

FACTS

Claimant was employed as a truck driver for employer, a construction company. On January 18, 1989, while claimant was working for employer, the four-wheel-drive pickup he was driving was involved in a single-vehicle accident and veered off the road and rolled over several times. Police were called to the scene of the accident, and claimant was charged with driving while intoxicated. Claimant, who suffered severe physical injuries in the accident, was hospitalized. Soon after arrival at the hospital he underwent a blood test. Although interpretation of the test results was disputed, the record contains testimony that claimant's blood-alcohol content was between 0.25 and 0.40 shortly after the accident.

Claimant filed a workers' compensation claim and respondents filed a written response denying the claim and alleging that the accident had occurred while claimant was intoxicated; thereafter a mediation conference was conducted. The mediator proposed that the claim be denied on the basis that claimant was intoxicated at the time of the accident. Claimant rejected the recommended resolution. Thereafter, the matter was set for formal hearing on April 23, 1990. Respondents were given notice

of the formal hearing, but failed to file a further answer after receiving such notice. At the formal hearing, claimant alleged that the front suspension of the truck he was driving malfunctioned when a tie-rod broke, resulting in a loss of steering control and precipitating the accident. Respondents asserted that the cause of the accident was due to claimant's intoxication.

Prior to the formal hearing, claimant filed a motion seeking to obtain an order requiring respondents to advance funds to permit claimant to employ several expert witnesses, including an accident reconstruction expert and a blood-alcohol specialist. At the hearing, claimant's counsel asserted that claimant could not afford to hire expert witnesses at his own expense and that the funds were necessary in order to prepare his case. The WCJ denied claimant's request. The WCJ granted respondents' request to depose ten witnesses proposed to be called either by claimant or respondents. The discovery order entered February 15, 1990, also provided that claimant could depose any of these witnesses, at respondents' expense.

On March 23, 1990, claimant filed a motion seeking to quash the discovery order. A motion hearing was held on April 16, 1990, and claimant again requested that respondents be required to pay the costs of several expert witnesses which he sought to obtain. Claimant also objected to the sufficiency of the discovery order, arguing that although it authorized respondents to depose certain witnesses, it failed to include a specific finding that good cause existed to permit the depositions to be taken of the witnesses named in the order. At the conclusion of the hearing on claimant's motion, the WCJ denied the motion to quash discovery and denied claimant's request that respondents pay the cost of the unnamed expert witnesses sought to be obtained by claimant. The WCJ, however, stated that claimant would be entitled to deposition costs to obtain the testimony of necessary witnesses, if good cause exists, but "not the preparation costs and the eval-

uation and analysis—[since] that should already [have been] done."

## DISCUSSION

### I. *Claim of Waiver*

Claimant's petition for workers' compensation benefits was filed on September 8, 1989. While the case was in the informal mediation stage, respondents filed a written response alleging, among other things, that claimant's injury was caused by his intoxication at the time of the accident and the claim was barred pursuant to NMSA 1978, Section 52–1–11 (Repl.Pamp.1987). Respondents prevailed at the mediation conference, and claimant rejected the mediator's recommended resolution denying the claim. Thereafter, the WCJ sent a notice of formal hearing to the parties on December 6, 1989.

The WCJ issued a notice of formal hearing instructing respondents to file a formal answer to the claim within twenty days and warning that failure to do so "may result in entry of a default compensation order." *See* § 52–5–7(A) (if no timely answer is filed by a party after notice of the formal hearing, the WCJ may, if appropriate, grant the relief sought against that party). Respondents failed to file an additional answer or response following the issuance of the recommended resolution by the WCJ. The record indicates, however, that respondents' prior written response on September 28, 1990, denied the claim and raised the defense of intoxication pursuant to Section 52–1–11. At the formal hearing claimant did not raise the issue of respondents' failure to additionally answer or respond to his petition, and the parties proceeded to present testimony and evidence.

On appeal claimant, for the first time, asserts that respondents' failure to file a formal answer constituted a waiver of their defense of intoxication. Since this issue was not raised at the formal hearing, we determine that the contention has not been properly preserved for appellate review. *See Woolwine v. Furr's, Inc.,* 106 N.M. 492, 745 P.2d 717 (Ct.App.1987).

Moreover, the written response previously filed by respondents in the proceeding below specifically denied claimant's claim and gave notice of their intent to rely upon the defense of intoxication. Under these circumstances, we find claimant's contention without merit.

### II. *Propriety of Discovery Order*

Claimant asserts that the February 15, 1990, discovery order entered by the WCJ is contrary to the provisions set forth in Section 52–5–7(F) and constitutes reversible error. Claimant's attack upon the discovery order involves two grounds: (a) the discovery order was improper because of the lack of specific findings of good cause authorizing the taking of depositions requested by respondents, and (b) the discovery order issued by the WCJ was filed without providing claimant an opportunity to examine or object to the form of the order.

Section 52–5–7(F) provides:

The testimony of any witness may be taken by deposition or interrogatories according to the rules of civil procedure for the district courts and may be taken before any hearing officer or any person authorized to take testimony, but discovery procedure shall be conducted only upon the hearing officer's findings that good cause exists. The cost and expense of any discovery procedure allowed by the hearing officer shall be paid by the employer, and in no event shall an unsuccessful claimant be responsible for the cost and expense of any discovery procedure. No costs shall be charged, taxed or collected by the hearing officer except fees for witnesses who testify under subpoena. The witnesses shall be allowed the same fee for attendance and mileage as is fixed by the law in civil actions except that *the hearing officer may assess against the employer the fees allowed any expert witness, as provided in Section 38–6–4 NMSA 1978, whose examination of the claimant, report or hearing attendance the hearing officer*

*deems necessary for resolution of matters at issue.* [Emphasis added.]

The above statute directs that discovery shall be conducted only upon the hearing officer's findings that good cause exists. *See also Reed v. Fish Eng'g Corp.,* 74 N.M. 45, 390 P.2d 283 (1964); *Soliz v. Bright Star Enters.,* 104 N.M. 202, 718 P.2d 1350 (Ct.App.1986); *Escobedo v. Agriculture Prods. Co.,* 86 N.M. 466, 525 P.2d 393 (Ct.App.1974).

 Claimant argues that the failure of the discovery order to explicitly contain a finding of good cause for the taking of the depositions specified therein and entry of the order prior to examination by claimant's counsel was reversible error. We agree that counsel is entitled to a reasonable opportunity to examine an order or judgment prior to its entry and to make suggestions or objections. *See* SCRA 1986, 1–058(C). However, we determine that any error stemming from the WCJ's failure to allow claimant an opportunity to review or to comment on the form of the discovery order, and any failure of the WCJ to specify in the order that good cause existed for the taking of the depositions in question, was rendered harmless when the WCJ, on April 16, 1990, held a full hearing on claimant's motion to quash the discovery order, reviewed each of claimant's objections to the order, including those asserted on appeal, determined that the discovery authorized in the order was proper, and reaffirmed such order.

### III. *Costs for Expert Witnesses Fees*

Claimant also contends that the WCJ improperly denied his request that respondents be required to financially assist him in retaining expert witnesses on his behalf. Prior to the final hearing, claimant requested that respondents be required to advance the costs for employing an accident reconstruction witness to testify that the vehicle claimant was driving at the time of the accident was defective and that the defect, not his alleged intoxication, was the proxi-

mate cause of the accident. Claimant also requested funds to hire a toxicologist, in order to testify regarding blood-alcohol level and its ramifications, and a medical doctor, so that an independent medical examination could be performed upon claimant in order to rebut testimony of respondents' medical expert that claimant had recovered from his injuries. Claimant did not, however, provide the WCJ with the names of any proposed expert witnesses until the hearing on the motion to quash the original discovery order. At that hearing he provided the name of a toxicologist whom he wished to develop as a witness. Claimant did not identify by name or indicate the qualifications of his proposed accident reconstruction witness or medical expert, and did not indicate to the WCJ that expert witnesses were in fact available and willing to testify in the manner sought by claimant. The record of the motions hearing suggests that expert witnesses had been requested only in general terms.

The statutory requirement necessitating a finding that there is "good cause" for undertaking discovery and that the evidence sought to be obtained "will probably be material" cannot properly be entered in general, without identifying the specific discovery sought or individuals or entities to be deposed, and a determination by the court that the specific discovery or deposition requested will probably be material to the cause.

*Soliz v. Bright Star Enters.,* 104 N.M. at 204, 718 P.2d at 1352.

The WCJ denied claimant's request for assessing costs and expenses. During both pre-discovery order motion hearings, the WCJ also ruled that respondents were not responsible for the cost of preparing any expert witness for a proposed deposition.

The general rule on assessing the cost of medical witness fees and other expenses is that "[l]ike attorneys' fees, other fees and expenses must be borne by the parties themselves, in the absence of a statute shifting the incidence of such expenses." 3 A. Larson, *Workmen's Compensation*

*Law* § 83.20, at 15–1366 to –1367 (1989). Under Section 52–5–7(F), New Mexico, however, by statute, expressly permits certain costs or expenses incurred by a claimant to be assessed against the employer.

NMSA 1978, Section 38–6–4(B) (Repl. Pamp.1987), referred to in Section 52–5–7(F), also provides in pertinent part:

[T]he payment of a reasonable fee, to be taxed as costs, in addition to the per diem and mileage as provided for in Subsection A of this section, for any witness who qualifies as an expert and who testifies in the cause in person or by deposition. The additional compensation shall include a reasonable fee to compensate the witness for the time required in preparation or investigation prior to the giving of the witness's testimony.

■ In enacting Section 52–5–7(F), we think it is clear that the legislature intended to require that the claimant's employer pay the costs and expenses incurred by him or her in deposing any witness, including his or her own experts, if the WCJ determines that good cause exists for the taking of the depositions. The words "cost and expense" as used in Section 52–5–7 have been interpreted to include the actual costs of taking a deposition, such as stenographer and reporter fees. *See Maschio v. Kaiser Steel Corp.*, 100 N.M. 455, 672 P.2d 284 (Ct.App.1983). Similarly, we think it is clear that the words "cost and expense" also permit the WCJ to allow a reasonable fee charged by an expert witness in necessarily reviewing records or otherwise preparing to testify by deposition.

■ In the discovery order in this case, the WCJ permitted the depositions to be taken of a number of witnesses, including several expert witnesses sought to be retained by respondents. The discovery order authorized both sides to depose these witnesses, and assigned the cost of any such depositions to respondents. The order further stated: "Claimant has failed to show good cause for assessing costs and expenses against Respondents for his preparation of evidence and testimonies relative to blood alcohol test experts, and independent medical examination, and an accident reconstructionist[.]"

■ Section 52–5–7(F) conditions the allowance of costs of discovery upon a finding by the WCJ that "good cause exists" for such discovery. Determination of whether a predicate showing of "good cause" has been established requires substantiation that the evidence sought to be obtained will probably be material to the issues in the cause and is not vague or speculative in nature. *See Soliz v. Bright Star Enters.*, 104 N.M. at 204, 718 P.2d at 1352 ("A finding of good cause or materiality cannot be made in the abstract."); *see also Hales v. Van Cleave*, 78 N.M. 181, 429 P.2d 379 (Ct.App.1967) (assessment of costs lies within discretion of trial court and reviewing court will not interfere except where there is a showing of abuse). From the facts before us we cannot conclude that the WCJ erred in denying claimant's request that respondents be required to pay the cost of deposing unnamed expert witnesses, when the general tenor of the testimony was speculative in nature, and the identity of two of the three proposed witnesses was not disclosed to the WCJ. At no time did claimant's counsel indicate that he had contacted specific witnesses or that witnesses were available to testify as outlined by counsel. A request for discovery may properly be denied if the request is speculative or if such discovery would amount to a mere fishing expedition. *See, e.g., Blake v. Blake*, 102 N.M. 354, 695 P.2d 838 (Ct.App.1985). *See also Soliz v. Bright Star Enters.*

## IV. Sufficiency of Evidence

■ Claimant's final issue on appeal challenges the sufficiency of the evidence to support the finding of the WCJ that claimant's intoxication at the time of the accident caused his injuries.

We review this contention under the whole record standard of review set forth in *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 767 P.2d 363 (Ct. App.1988). The record reveals that claimant underwent a blood test for alcohol shortly after the accident. Janelle Schilz–Winbray, a medical technician at the San Juan Regional Medical Center, testified about the test procedure and quality control measures utilized in testing claimant's blood-alcohol level. She testified that the blood sample in this case was drawn by a phlebotomist and delivered to the laboratory by a technician. She testified that she personally tested the sample. The first test revealed that the alcohol content of the sample was too high to be measured without dilution. She then diluted the serum and ran a second test. After performing calculations to account for the dilution, she determined that claimant's serum alcohol content was 0.42. According to a deposition admitted at the hearing, a blood serum level of 0.42 is equivalent to a blood-alcohol concentration of approximately 0.35.

In addition to the results of the blood test, the record contains other substantial evidence to support the WCJ's determination that claimant was intoxicated at the time of the accident. Claimant, who acknowledged that he is an alcoholic, testified that he had drunk "a couple of beers" before the accident. The officer who investigated the accident testified that he found open cans containing fresh beer inside and outside the truck, that the cab of the truck smelled of alcohol, and that after the accident he observed that claimant had a strong odor of alcohol, slurred speech, and bloodshot eyes.

The officer also testified, based on his investigation of the tire tracks of the vehicle involved in the accident, that claimant's truck left the roadway for no apparent reason, and that the straight tracks indicated that there was nothing wrong with the vehicle's front-end suspension. In addition, the service manager of a local Ford dealership testified that after examining photographs taken of the vehicle at the accident scene, there was nothing to suggest that a broken tie-rod had caused the accident. From these facts the WCJ could reasonably determine that claimant was intoxicated at the time of the accident and that his intoxication was the proximate cause of his injuries. In sum, our review of the transcript and proceedings discloses that substantial evidence supports the decision of the WCJ.

## V. *Conclusion*

For the foregoing reasons, the judgment of the WCJ is affirmed. Respondents' request for oral argument is denied. No costs or attorney's fees are awarded.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.