This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN THE MATTER OF THE ESTATE**
**OF RISDON F. MITCHELL,**
**Deceased.**

**and concerning**

**CARLOTTA J. MITCHELL,**

    Movant-Appellant,

v.                                                                 **NO. 29,754**

**JOBY WALLACE, LAWRENCE MITCHELL,**
**CO-REPRESENTATIVES OF THE ESTATE**
**OF RISDON F. MITCHELL AND THE**
**ANNIE PEARL MITCHELL AND**
**RISDON F. MITCHELL TRUST,**

    Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

CARLOTTA J. MITCHELL
Washington, DC

Pro Se Appellant

Hurley, Toevs, Styles, Hamblin & Panter, P.A.
Randolph L. Hamblin
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Carlotta Mitchell (Appellant) appeals pro se from an order denying her motion for an accounting, preliminary injunction, and stay of proceedings. We proposed to dismiss for lack of standing in a notice of proposed summary disposition, and Appellant has filed a timely memorandum in opposition. Remaining unpersuaded by Appellant's memorandum, we dismiss the appeal for lack of standing.

In our notice, we proposed to dismiss the appeal because Appellant's claims of error pertain to a motion captioned "Motion to Stay Proceedings Pending Judge [Theresa] Baca's Reopening of PQ-2006-00224 to Probate Instruments Devised to Mary Ann Mitchell-Carr, and/or for Other Relief." [RP 465; DS 3-7] However, that motion was filed by, and only concerns actions taken by and affecting, Mary Ann Mitchell-Carr. [RP 465-469; DS 3-7] Moreover, Mary Ann Mitchell-Carr has filed her own appeal with this Court raising the same issues raised by Appellant in this appeal. [RP 541, 550] Therefore, Appellant's appeal, so far as it raises claims of error relating to the motion captioned "Motion to Stay Proceedings Pending Judge Theresa

Baca's Reopening of PQ-2006-00224," is dismissed because Appellant does not have standing to raise these issues. *See St. Sauver v. N. M. Peterbilt, Inc.*, 101 N.M. 84, 85-86, 678 P.2d 712, 713-14 (Ct. App. 1984) (observing that, in order to constitute an aggrieved party with the right to appeal, "a party must have a personal or pecuniary interest or property right adversely affected by the judgment [that is] immediate, pecuniary, and substantial, not nominal or a remote consequence of judgment" (internal citations omitted)).

In our notice, we also proposed to dismiss for lack of standing because the district court found, and the record shows, that Appellant has no interest in the estate of Risdon F. Mitchell, deceased ("Estate"), or in the Risdon F. Mitchell and Annie Pearl Mitchell Family Trust ("Trust"). [RP 484-485] On January 11, 2007, Respondents, the co-personal representatives of the Estate and co-trustees of the Trust, filed a petition for declaration of rights ("Petition") requesting that Appellant no longer be considered a beneficiary of the Estate or the Trust because Appellant had requested and received full payment for her beneficial interest in the Trust and relinquished further interest in the same in a settlement agreement entered April 29, 2003, which was attached to the Petition as Exhibit A. [RP 205-06, 210-211] Respondents requested that the court conduct a hearing and then enter an order

3

specifically excluding Appellant as a beneficiary of the Estate and concluding that Respondents had no further obligation toward her as either co-personal representatives or co-trustees. [RP 207, 212-213]

After conducting a hearing on February 2, 2007, [RP 217] the district court entered an order determining interest in the Trust, on February 26, 2007 (the "2/26/07 Order"). [RP 231] The court found that Appellant had requested and received full payment for her beneficial interest in the Trust and relinquished all further interest in the same as confirmed by the order of the Second Judicial District Court entered April 29, 2003. [RP 232 ¶ 6] It also found that Respondents had fully complied with the terms of the settlement agreement and Appellant had received her full beneficial interest in the Trust and, accordingly, could no longer be considered a beneficiary of the Trust or Estate, and Respondents should be relieved of any further fiduciary obligation to her, whether as to notice or distribution of assets. [RP 232 ¶ 7] Finally, the court ordered that Appellant is not a beneficiary of the Estate or Trust and Respondents "are relieved of any further fiduciary obligations to her whatsoever." [RP 236 ¶ 1]

In our notice proposing to dismiss, we observed that Appellant never appealed from the 2/26/07 Order. Our cases have recognized that each petition in a probate

4

action is considered an independent proceeding such that an order disposing of all matters raised in the petition should be considered a final, appealable order. *See In re Estate of Boyer*, 117 N.M. 74, 77-78, 868 P.2d 1299, 1302-03 (Ct. App. 1994); *In re Estate of Newalla*, 114 N.M. 290, 294, 837 P.2d 1373, 1377 (Ct. App. 1992). Therefore, any appeal from the 2/26/07 Order needed to be filed by March 28, 2007, in order to be timely. *See* Rule 12-201(A) NMRA. As Appellant never appealed the 2/26/07 Order, she is therefore bound by its terms and can no longer challenge the findings and conclusions included therein. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (stating that compliance with notice of appeal time and place requirements are mandatory preconditions to exercise of appellate jurisdiction). Based upon the language of the 2/26/07 Order and Appellant's failure to appeal that order, we proposed to hold that Appellant has no standing to challenge any proceedings concerning the Estate and Trust and is specifically prohibited from doing so by the terms of the 2/26/07 Order.

In her memorandum in opposition, Appellant provides a history of activities pertaining to the Estate and Trust. [MIO unnumbered pages 2-4] She claims that Risdon F. Mitchell executed a durable power of attorney naming Mary Ann Mitchell-Carr as his durable power of attorney in-fact, and he deeded all of his land holdings

and property to Mary Ann Mitchell-Carr. [MIO 2-4] She also claims that the Trust was never funded with deeded real property assets and that the separately owned properties of Risdon F. Mitchell and Annie Pearl Mitchell were never properly probated into the Trust. [MIO 3] Finally, she contends that any agreement that she signed that affected her interest or standing as a beneficiary of the Trust was dependent on the assets in the Trust, yet the Trust had no assets so any funds she received were not from the Trust. [MIO 4]

We are not persuaded that these contentions confer standing upon Appellant to bring this appeal. As previously stated, Appellant failed to appeal from the 2/26/07 Order in which the district court specifically found that: (1) Appellant had received full payment for her beneficial interest in the Trust and relinquished all further interest in the same; (2) Respondents had fully complied with the terms of the settlement agreement; and (3) Appellant could no longer be considered a beneficiary of the Trust or Estate. [RP 232 ¶¶ 6, 7] Therefore, she has no standing as a beneficiary of the Trust or Estate. *See St. Sauver*, 101 N.M. at 85-86, 678 P.2d at 713-14. Moreover, she is barred from attempting to re-litigate issues regarding whether she received her proper share of the Trust and Estate because those issues were decided in the 2/26/07 Order. *See Ullrich v. Blanchard*, 2007-NMCA-145, ¶ 19, 142 N.M. 835, 171 P.3d

6

774 (recognizing that, pursuant to the doctrine of collateral estoppel or issue preclusion, a party may not re-litigate ultimate facts or issues that were decided in a prior suit).

In her memorandum in opposition, Appellant seeks to avoid being bound by the 2/26/07 Order. [MIO 5-6] She claims that she was never served with notice of the hearing on February 2, 2007 and was never served with the 2/26/07 Order. [MIO 5] She further claims that she was a resident of Jersey City, N.J., at the time of the 2/26/07 Order and attaches exhibits to her memorandum in opposition in support of this contention. [MIO 6, Ex. A-C] We are not persuaded.

Appellant's motion for an accounting, preliminary injunction and stay of proceedings, to the extent it even pertains to Appellant, makes no mention of this alleged lack of notice and service, [RP RP 458-459, 465-469**]** and there is nothing in the record indicating that Appellant raised this issue before the district court. [RP 484-485] Therefore, we will not consider it on appeal. *See Campos Enters., Inc. v. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (stating that an appellate court reviews only matters that were presented to the district court). Furthermore, Appellant makes no contention that the materials attached as exhibits to her memorandum in opposition were before the district court, and they are not part of

the record.  Therefore, we will not consider these exhibits in determining whether Appellant was properly served.  *See Durham v. Guest*, 2009-NMSC-007, ¶ 9, 145 N.M. 694, 204 P.3d 19 (stating that it is improper to refer to exhibits that are not in the record proper and that were not presented to the district court, and "we will not consider these exhibits on appeal").

Finally, Appellant requests that this Court stay a determination on whether she has standing until issues in other related appeals are decided. [MIO 6] We understand this to mean that Appellant wishes to stay resolution of her appeal pending resolution of the appeals filed by other parties claiming some entitlement to assets of the Trust and Estate.  We see no reason to stay our decision in this matter given that Appellant is clearly without standing and given that Appellant failed to appeal the underlying issues that were decided in the 2/26/07 Order.

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we dismiss Appellant's appeal.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

8

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**